**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

        Plaintiff,

    v.

Jaime Rojas-Mondragon,

        Defendant.

**MEMORANDUM OPINION**
**AND ORDER**
Criminal No. 24-257 ADM/DLM

---

Jaime Rojas-Mondragon, pro se.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Jaime Rojas-Mondragon's ("Rojas-Mondragon") Motion for Sentence Reduction [Docket No. 54]. For the reasons stated below, the Motion is denied.

## II. BACKGROUND

On December 5, 2024, Rojas-Mondragon entered a plea of guilty to Possession with Intent to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, in violation 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Minute Entry [Docket No. 25]; Plea Agreement [Docket No. 27]. Rojas-Mondragon admitted that in July 2024, law enforcement officers executed a search warrant at his residence and found approximately 900 grams of a substance containing methamphetamine that Rojas-Mondragon intended to sell. Plea Agreement ¶ 2. The officers also found a semi-automatic pistol that Rojas-Mondragon possessed in connection with the drug trafficking offense. Id.

On April 15, 2025, the Court sentenced Rojas-Mondragon to the mandatory minimum term of 120 months. Sentencing J. [Docket No. 46]. Due to administrative failures by the

Bureau of Prisons ("BOP"), Rojas-Mondragon remains in Sherburne County Jail ("SCJ") awaiting transfer to a BOP facility. Rojas-Mondragon has spent an unusually lengthy period of time in local custody awaiting designation by the BOP.

Rojas-Mondragon has filed the present motion to reduce his sentence, arguing that during the many months he has spent waiting to be transferred from SCJ to a BOP facility, he has been unable to accrue "Good Time Credit" with the BOP and does not have access to BOP programming that would allow him to earn credits toward his sentence. Mot. at 2-3. Rojas-Mondragon also argues that he has been forced to do "hard time" in SCJ and should be compensated with credits toward his sentence. Id. at 4-6. He thus asks the Court to reduce his mandatory minimum 120-month sentence by 40 months to compensate him for "hard time" served. See Mot. Reduce Sentence at 2, 4.

### III.  DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Indeed, "[a] judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010) (citing § 3582(b)). Under § 3582(c), a sentence can only be modified if the compassionate release provisions of § 3582(c)(1)(A) are satisfied, a correction pursuant to Fed. R. Crim. P. 35 is warranted, or the Sentencing Commission has subsequently lowered a defendant's sentencing range.

None of these three limited exceptions apply here. Although Rojas-Mondragon is understandably frustrated with the delay in being transferred to a designated BOP facility, his circumstances are not sufficiently extraordinary or compelling to warrant relief under

§ 3582(c)(1)(A).  Rojas-Mondragon does not argue that Fed. R. Crim. P. 35 applies or that the Sentencing Commission lowered his sentencing range after he was sentenced.

Not only does § 3582(c) generally prohibit a court from modifying a defendant's prison term, no federal statute, rule, or regulation authorizes a district court to award credit for "hard time served" after a defendant has been sentenced.  Muskin v. Fikes, No. 20-CV-1401, 2021 WL 11430647, at *3 (D. Minn. Mar. 5, 2021), report and recommendation adopted, No. 20-CV-1401, 2021 WL 11430648 (D. Minn. Mar. 29, 2021); United States v. Bear, No. 1:19-CR-10034-01, 2021 WL 1925488, at *1 (D.S.D. May 13, 2021).  Rather, once a defendant is sentenced, it is the BOP, not the district court, that determines the credit for time served.  United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004); United States v. Harris, 318 F. App'x 444, 446 (8th Cir. 2009).  A defendant wishing to challenge the calculation of time served must first exhaust his administrative remedies with the BOP.  Pardue, 363 F.3d at 699.  If the defendant disagrees with the BOP's determination, he may seek review of the jail-time credit determination by filing a habeas petition under 28 U.S.C. § 2241 in the district where he is confined.  Id. (citing Rogers v. United States, 180 F.3d 349, 358 (1st Cir. 1999)).  As a result, Rojas-Mondragon must first exhaust his administrative remedies with the BOP.

Finally, Rojas-Mondragon argues that he is entitled to a sentence reduction under 28 U.S.C. § 2255.  Mot. at 1.  This statute provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of their sentence.  See United States v. Addonizio, 442 U.S. 178, 185 (1979).  Rojas-Mondragon's motion does not fit this description because he is challenging the execution of his sentence rather than its validity.  As such, the Court does not construe Rojas-Mondragon's motion as one under § 2255 but instead as one under 28 U.S.C. § 2241, which must be brought in the district where he

is confined.  See Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir.2002) ("A petitioner may attack the execution of his sentence through § 2241 in the district where he is incarcerated; a challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court.").  **Should Rojas-Mondragon choose to file a motion under 28 U.S.C. § 2255 attacking the validity of his sentence, he must do so within the one-year limitations period set forth in 28 U.S.C. § 2255(f).**

### IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Jaime Rojas-Mondragon's Motion for Sentence Reduction [Docket No. 54] is **DENIED**.

BY THE COURT:

Dated: March 12, 2026

 s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

4